REQUESTED BY: Dear Senator:
You have requested that we answer certain questions which are relevant to LB 33 recently passed by the Legislature. Your first question is:
 "Does the language of LB 33 require that $20 million dollars be raised by taxation?"
LB 33, subsection 4 of section 7, provides in part:
 "There is hereby appropriated twenty million dollars from the General Fund for the period July 1, 1977, to June 30, 1978, to the School Foundation and Equalization Fund, State Department of Education, Agency No. 13 for Program 143. . . ."
The requirement of this section of LB 33 is that twenty million dollars be transferred from the General Fund to the School Foundation and Equalization Fund. Without going into specific detail as to all of the types of money that flow into the General Fund, it may be said that the General Fund is raised by taxation.
Section 77-2715.01(1)(d) provides in part:
 ". . . The purpose of this subdivision is to insure that there shall be maintained in the state treasury an adequate General Fund balance, considering cash flow, to meet the appropriations and express obligations as certified as provided in subdivision (a) of this subsection."
Thus, the twenty million dollars provided for in LB 33 must come from the General Fund. The General Fund must be at a level which will insure the state's ability to meet its obligations. To the extent that the provisions of LB 33 deplete the General Fund, the General Fund would have to be restored to a point where it would comply with total appropriations and express obligations.
In making a determination on the tax rates, the Board of Equalization and Assessment would of necessity take these matters into consideration.
Your second question is:
 "Can the Governor reduce an item of appropriation below his budget recommendation?"
There are two provisions of the Constitution which relate to the Governor's reduction of an item of appropriation. Article IV, Section 7, provides in part:
 ". . . No appropriations shall be made in excess of the recommendation contained in such budget including any amendment the Governor may made thereto unless by three-fifths vote of the Legislature, and such excess so approved shall be subject to veto by the Governor."
This language is a limitation on the authority of the Legislature to enact appropriations bills above the sums recommended by the Governor in his budget message sent to the Legislature as required by Article VII, Section 4, of the Constitution.
Article IV, Section 15, of the Constitution provides in part:
 "Every bill passed by the Legislature, before it becomes a law, shall be presented to the Governor. If he approves he shall sign it, and thereupon it shall become law, but if he does not approve or reduces any item or items of appropriations, he shall return it with his objections to the Legislature, which shall enter the objections at large upon its journal, and proceed to reconsider the bill with objections as a whole, or proceed to reconsider individually the item or items disapproved or reduced. . . ."
Article IV, Section 15, contains no limitation upon the authority of the Governor to reduce items of appropriation. As the language of the two provisions of the Constitution are complementary and not at odds, we may generally say that Article IV, Section 7, is a limitation on the authority of the Legislature to appropriate and Article IV, Section 15, is a grant of authority to the Governor to reduce item or items of appropriation.
Thus, in answering your question, it is our opinion that the Governor may utilize his line item veto to reduce items of appropriation to an amount less than that he recommended in his budget.